UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA N.,

                              Plaintiff,

v.                                                             CASE # 20-cv-01751

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

APPEARANCES:                                             OF COUNSEL:

LAW OFFICES OF KENNETH HILLER          KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                    SAMANTHA J. VENTURA, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              FRANCIS D. TANKARD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   KRISTIN EVERHART, ESQ.
  Counsel for Defendant                              NICOL FITZHUGH, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

**A.      Factual Background**

Plaintiff was born on April 12, 1969, and has at least a high school education. (Tr. 187, 201). Generally, plaintiff's alleged disability consists of a cervicalgia, left shoulder rotator cuff tear with joint impingement, disc herniation, lumbar spine lordosis, anterior bone spurring, headaches, spondylosis, depression, anxiety, and loss of mental cognition. (Tr. 191). Her alleged onset date of disability was December 26, 2016, but her date last insured was March 31, 2016. (Tr. 201).

**B.      Procedural History**

Plaintiff protectively filed applications for Title II and Title XVI benefits on October 24, 2017. (Tr. 171). On November 5, 2017, plaintiff's Title II application was initially denied, and plaintiff failed to file an appeal. Plaintiff's Title XVI application was denied initially on January 18, 2018, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On October 24, 2019, plaintiff appeared before ALJ Mary Mattimore. (Tr. 50-83). On January 17, 2020, ALJ Mattimore issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-25). On October 6, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

**C.      The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant's disability insured status expired on March 30, 2016.

2. The claimant has not engaged in substantial gainful activity since December 26, 2016, the alleged onset date (20 CFR 416.971 *et seq.*).

3. The claimant has the following severe impairments: migraine headaches, myalgia, cervicalgia, chronic pain syndrome, left shoulder impingement syndrome, degenerative changes throughout the claimant's spine, post traumatic stress disorder (PTSD), panic disorder, and depressive disorder not otherwise specified (20 CFR 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except can occasionally stoop, can frequently crouch, crawl, climb stairs, and kneel; can occasionally reach overhead with her left non-dominant upper extremity; can occasionally push and/or pull bilaterally; can work in a moderate noise level as defined in Appendix D of the *Selected Characteristics of Occupations*; no exposure to hazardous machines and/or unprotected heights; no exposure to bright, flashing, and/or flickering light or outdoor work; can perform a low stress job defined as simple routine work and make simple workplace decisions not at a production rate pace.

6. The claimant is unable to perform any past relevant work (20 CFR 416.965).

7. The claimant was born on April 12, 1969 and was 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 26, 2016, through the date of this decision (20 CFR 416.920(g)).

(Tr. 7-25).

**II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION**

    **A.     Plaintiff's Arguments**

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ's mental RFC is not supported by substantial evidence. Second, the ALJ did not properly consider the opinions of all providers. (Dkt. No. 8 at 1 [Pl.'s Mem. of Law). Plaintiff issued a reply memorandum further arguing the mental RFC was not based on a medical opinion and therefore improper. (Dkt. No. 10).

### B. Defendant's Arguments

Defendant responded to both of plaintiff's points arguing the ALJ's mental RFC finding was supported by substantial evidence and the ALJ also properly declined to evaluate multiple statements of record from medical sources considering plaintiff's disability status. (Dkt. No. 9 at 3 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.    ANALYSIS

　　**A.  Mental RFC**

　　Plaintiff essentially argues the RFC is not supported because the ALJ did not rely on a medical opinion when formulating the RFC but rather relied on her own lay interpretation of evidence. (Dkt. No. 8 at 11-14). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."). Plaintiff's argument that the mental RFC is based on the ALJ's lay interpretation of raw medical evidence is meritless.

　　Plaintiff acknowledges the ALJ addressed all mental impairment opinion evidence in the record but asserts the ALJ gave no or diminished weight to all opinions, therefore using her lay opinion to formulate the RFC. (Dkt. No. 8 at 11). As discussed above, it is not only permitted, but the ALJ's duty to resolve genuine conflicts in the record. *Veino v. Barnhart*, 312 F.3d at 588 (2d Cir. 2002). Indeed, the substantial evidence standard is so deferential that there could be two contrary rulings on the same record,

6

and both may be affirmed as supported by substantial evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 127 (2d Cir. 2012). Once an ALJ finds facts, the Court can reject those facts only if a reasonable factfinder would have to conclude otherwise. *Brault v. Soc. Sec. Admin.*, 683 F.3d 448 (2d Cir. 2012). Plaintiff's arguments are a disagreement with how the ALJ evaluated the evidence. *See* Dkt. No. 8. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

Contrary to plaintiff's contentions, the mental RFC finding was not based on the ALJ's arbitrary lay assessment, but rather on opinion evidence and consideration of other evidence consistent with the regulations. The ALJ credited, albeit not entirely, multiple opinions of record in reaching the mental RFC. The psychological consultative examiner, Christine Ransom, Ph.D., opined on December 15, 2017, that plaintiff's mental limitations were only mild with understanding, remembering, and applying complex directions and instructions, regulating emotions, controlling behavior, and maintaining well-being. (Tr. 702-03). The ALJ found this opinion partially persuasive but cited psychiatric treatment records suggesting that plaintiff had moderate mental symptoms. (Tr. 20-21 *citing* Tr. 1197-1218). Similarly, the state agency psychological consultant, T. Bruni, Ph.D., opined on January 17, 2018, that plaintiff had no severe mental impairment and no more than mild limitations in mental functioning. (Tr. 91-93). The ALJ found Dr. Bruni's opinion somewhat persuasive but cited the same psychiatric records indicating that plaintiff had greater symptom severity. (Tr. 21 *citing* Tr. 1197-1218). The ALJ was also somewhat persuaded by the assessment of plaintiff's counselor, Stacey Donohue, who assessed a GAF score of 55 and found at least serious limitations in areas such as maintaining attention for two-hour periods, maintaining regular attendance, dealing with normal work stress, and traveling in unfamiliar place.s (Tr. 22-23, *citing* Tr. 1582-83). The ALJ expressly stated that she relied on each of these assessments to formulate the mental RFC. (Tr.20-21, 23).

Additionally, ALJ Mattimore considered objective medical evidence and other evidence to formulate the RFC. She noted that plaintiff engaged in conservative care, which was not suggestive of a more restrictive mental RFC. (Tr. 17-18, 19, 20). *See Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (summary order) (finding conservative treatment proper factor in discounting allegations of symptoms). The ALJ also documented plaintiff's reports of independence in daily activities, including bathing, dressing, cooking/preparing food, grooming, driving, shopping, managing money, doing laundry, socializing with friends and family, and cleaning, consistent with the RFC finding. (Tr. 20; *see* Tr. 702; *Poupore*, 566 F.3d at 307; *Lamorey v. Barnhart*, 158 F. App'x 361, 363 (2d Cir. 2006) (summary order) (holding consideration of daily activities appropriate in determining capacity for basic work activities)). Plaintiff also cared for her ill mother. (Tr. 19; *see* Tr. 702). The ALJ observed plaintiff worked part time for a short period as a rideshare driver but stopped due to the low pay, the amount of driving involved, and having difficulty turning around to check on people in the back, not because of mental health issues. (Tr. 18; *see* Tr. 61-62).

Although a voluminous case file the ALJ did address all medical evidence, including treatment notes, objective findings, medical opinions, and plaintiff's testimony to reach an RFC determination that reflected her analysis of the credible evidence of record. ALJ Mattimore appropriately considered the treatment record to support a finding that plaintiff was actually more limited than Drs. Ransom and Bruni indicated. As discussed above however, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). of disability. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983*); see also Miles v. Harris* Although plaintiff has cited to evidence not expressly discussed by the ALJ in her analysis, it is not required

that the ALJ have mentioned every item of testimony presented to her or have explained why she considered particular evidence unpersuasive or insufficient to lead her to a conclusion, 645 F.2d 122, 124 (2d Cir.1981) (rejecting the proposition that the hearing officer must explicitly reconcile "every shred" of conflicting testimony). The ALJ noted that psychiatric records documented tangential thought processes and numerous missed appointments indicative of difficulties maintaining attention and concentration and supporting the RFC. (Tr. 15-16; *see, e.g.*, Tr. 1204 (noting Plaintiff "frequently losing her train of thought"), 1209 (same), 1213 (same)). The ALJ also considered record evidence showing that Plaintiff's anxiety interfered with her ability to adapt. (Tr. 16; *see, e.g.*, Tr. 1200 (discussing how anxiety is barrier to obtaining medical treatment), 1216 (reporting anxiety with driving following car accident)). An ALJ's failure to cite each specific piece of evidence does not indicate that such evidence was not considered. *Brault*, 683 F.3d at 448.

The burden is on plaintiff to prove a more restrictive RFC than assessed by the ALJ. *See* 20 C.F.R. §§ 416.912(a). Plaintiff merely claims there is no way to decipher how the ALJ formulated the RFC because it is not identical to one opinion. (Dkt. No. 8 at 11). The narrative bridge tethering the mental RFC to the evidence of record is clear. As such, remand is not warranted as there was no lay determination by the ALJ.

### B. Opinion Evidence

Finally, plaintiff asserts the ALJ did not properly consider the opinions of certain treatment providers. (Dkt. No. 8 at 14). The opinions which plaintiff cites are:

- May 30, 2017 (Tr. 333) and September 18, 2017 (Tr. 306) statements by orthopedist Graham R. Huckell, M.D., that Plaintiff was "temporarily disabled with respect to the left shoulder";

- Statements on November 8, 2017 (Tr. 615), January 8, 2018 (Tr. 389), January 10, 2018 (Tr. 385), and May 17, 2019 (Tr. 1196), by chiropractor Safeya Muhammad, D.C., or her

colleague Aaron Mierzwa, D.C., that Plaintiff's "level of disability is temporary total"; and

• A September 25, 2017 statement by primary care provider Alfredo Rhodes, M.D., that Plaintiff had 100% temporary impairment (Tr. 1431).

(Dkt. No. 8 at 14-15).

Contrary to the new regulations defining how medical opinions of record must be evaluated for claims filed on or after March 27, 2017, certain evidence remains "inherently neither valuable nor persuasive to the issue of whether [a claimant] is disabled." 20 C.F.R. 20 C.F.R. § 416.920b(c). Such evidence includes statements regarding issues reserved to the Commissioner (*see id.* § 416.920b(c)(3)), such as "[s]tatements that [a claimant is or is] not disabled, blind, able to work, or able to perform regular or continuing work" (*id.* § 416.920b(c)(3)(i)). Accordingly, an ALJ is not to "provide any analysis about how [they] considered such evidence in [their] determination or decision, even under [the medical opinion evaluation rules at] § 416.920c." *Id.* § 416.920b(c).

The ALJ diligently noted that "[t]hroughout the record, several of the claimant's treatment providers classified the claimant as disabled in varying degrees (e.g. Exhibit C4, p. 6F, C5F, pp. 25; C9F, p. 9; C19F, p. 51; C22F, p. 171)." (Tr. 20). The ALJ properly determined that these opinions were not persuasive "as each lacks necessary function-by-function explanation, and they appear to be based upon other agencies' regulations which are not binding (20 CFR 416.904)." (Tr. 20). Indeed, the regulations do not compel an ALJ to evaluate blanket assessments of total or partial disability. 20 C.F.R. §§ 416.904 (noting disability standards of other agencies not binding on Commissioner), 416.913(a)(2) (noting "medical opinion" requires assessment of ability to perform specific basic work activities). ALJ Mattimore appropriately considered these opinions and remand is not warranted.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is

**GRANTED**.

Dated: September 23, 2022　　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge